# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>              Plaintiff/Respondent, <br> vs. <br> REY ANTONIO CABALLERO-ALARCON (1), <br><br>              Defendant/Petitioner. | CASE NO. 09cr3760WQH <br> CASE NO. 16cv1560WQH <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the motion under 28 U.S.C. § 2255 filed by Defendant/Petitioner. (ECF No. 80).

On December 29, 2009, Defendant/Petitioner entered a plea of guilty to the Information pursuant to a Plea Agreement to Counts 1, 5 and 10 of the Indictment charging Defendant with conspiracy to deal firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D) and 371 (Count 1), and possession of an unregistered firearm in violation of 16 U.S.C. §§ 5861(d) and 5871 (Counts 5 and 10). (ECF No.30). In the Plea Agreement, Defendant/Petitioner admitted, in relevant part,

> On January 7, 1999, in the San Diego Superior Court, Defendant was convicted of the felony offense of Resisting an Executive Officer, in violation of California Penal Code § 69, in Case No. SCE192786. On September 28, 1999, in the San Diego Superior Court, Defendant was convicted of the felony offense of Inflict Corporal Injury on Spouse or Cohabitant, in violation of California Penal Code § 273(a), in Case No. SCE2000070. On September 29, 2009, in the San Diego Superior Court, Defendant was convicted of the felony offense of Inflict Corporal Injury

on Spouse or Cohabitant, in violation of California Penal Code § 273(a), in Case No. SCE290005 and is awaiting sentencing on that offense.

*Id.* at 5.  The Plea Agreement further stated:

> In exchange for the Government's concessions in the plea agreement, defendant waives to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing.

(ECF No. 30 at 12-13).

The Presentence Report concluded in relevant part, "Pursuant to USSG § 4B1.1(a), the defendant meets the criteria to be categorized as a career offender because . . . the defendant has at least two prior felony convictions for crimes of violence (i.e. one for PC69, Resisting an Executive Officer by Means of Force, two prior convictions for PC 273.5(a), Corporal Injury to Spouse/Cohabitant, and an aggravated assault conviction in Philadelphia)." Presentence Report at 18.

At the time of sentencing, the Court found that the base offense level pursuant to U.S.S.G. § 2K2.1(a) starts at a 26 because the offense involved "a firearm that is described in 26 U.S.C. § 5845(a); and [] defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence[1] or a controlled substance." U.S.S.G. §2K2.1(a)(1). The Court applied a four-level increase pursuant to § 2K2.1(b)(1)(B), for an offense involving between 8 and 24 firearms, and a four-level increase pursuant to § 2K2.1(b)(4)(B) for obliterated serial numbers.  The Court recognized that the cumulative offense level cannot exceed 29 pursuant to § 2K2.1(1)(b) but applied the four-level increase finding that the Defendant engaged in trafficking pursuant to § 2K2.1(b)(5). The Court found the adjusted offense level was 33.  After a three level reduction for acceptance of responsibility and a two level reduction for combination of circumstances, the Court concluded that the total offense level was 28.  Based upon the total criminal history score of 15, the Criminal

---

[1] Application Note 1 to U.S.S.G. § 2K2.1 states. "'Crime of violence' has the meaning given that term in §4B1.2(a) and Application Note 1 of the Commentary."

1  History Category was VI[2] and the guideline range was 140-175 months. The Court
2  imposed a term of imprisonment of 60 months on Count 1, 80 months on Count 5 to run
3  consecutive to Count 1, and 80 months on Count 10 to run concurrently with Count 5
4  for a total sentence of 140 months. (ECF No. 56). Defendant did not appeal his
5  sentence or file a petition under 28 U.S.C. § 2255 within the one-year period set out in
6  the 18 U.S.C. §2255(f).

## CONTENTIONS OF THE PARTIES

Defendant/Petitioner moves the Court to vacate his sentence on the grounds that the prior enhancements in his sentence are no longer cognizable as predicate career enhancements due to the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Plaintiff United States of America contends that the motion to vacate sentence should be denied on the grounds that *Johnson* has no application to this case, any claim in the petition other than a claim based upon *Johnson* is time barred, and Defendant/Petitioner has waived his right to challenge his sentence.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255.

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion. In exchange for the Government's concessions in the

---

[2] The Court did not make any finding as to whether the Criminal History Category would be VI under the career offender guidelines because the criminal history score resulted in a Criminal History Category VI.

Plea Agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum, if applicable) recommended by the Government pursuant to this Plea Agreement at the time of sentencing. (ECF No. 30 at 12-13). This waiver is clear, express, and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005).

At the time of sentencing, the Government recommended an adjusted offense level of 28 and a resulting guideline range of 140-175 months. (ECF No. 47). The parties jointly recommended a sentence of 140 months. *Id.* The Court imposed a total sentence of 140 months. (ECF No. 56). The sentence imposed was within the guideline range recommended by the Government pursuant to the Plea Agreement at the time of sentencing. Pursuant to the terms of the Plea Agreement, the Defendant waived his right to appeal or to collaterally attack his conviction and sentence in this case. Even without the waiver, the motion under 28 U.S.C. § 2255 is barred by the "1-year period of limitation" provided in 28 U.S.C. § 2255(f).

Finally, the Defendant/Petitioner presents no exception to the waiver in the Plea Agreement or any grounds for relief under Section 2255 based upon *Johnson*.[3] On June 26, 2015, the United States Supreme Court determined that the section of the Armed Career Criminal Act ("ACCA") known as the "residual clause" was void for vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The ACCA residual clause provided enhanced penalties for a defendant with a "violent felony," that is, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury

---

[3] The Supreme Court determined that *Johnson* stated a "new substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

to another." 18 U.S.C. § 924(e)(2)(B)(ii).[4] The Supreme Court in *Johnson* limited the application of its holding to the residual clause of the ACCA. *Johnson*, 135 S. Ct. at 2563. ("Today's decision does not call into question application of the Act to . . . the remainder of the Act's definition.").

In this case, the sentence imposed upon Defendant/Petitioner was not enhanced pursuant to the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii). In this case, the base offense level started at a 26 because the offense involved "a firearm that is described in 26 U.S.C. § 5845(a); and [] defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance." U.S.S.G. §2K2.1(a)(1). The term "crime of violence" in U.S.S.G. § 4B1.2[5] applicable to this guideline provision is identical to the definition of "violent felony" examined by the United States Supreme Court in *Johnson*. Assuming that *Johnson* applies retroactively to the provisions of the Guidelines,[6] the sentencing guideline range could have been enhanced by an unconstitutionally vague provision if the prior offenses qualified as a "crime of violence" under the residual clause in U.S.S.G. § 4B1.2. In this case, however, the Defendant/Petitioner sustained two prior conviction under California Penal Code § 273.5 which qualified as a "crime of violence" under the elements clause of U.S.S.G. § 4B1.2, "has as an element the use,

---

[4] The ACCA defines "violent felony" as follows: "any crime punishable by imprisonment for a term exceeding one year ... that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**." § 924(e)(2)(B). (emphasis added). The language referred to as the "residual clause" appears in bold.

[5] The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**." U.S.S.G. § 4B1.2 (a). (emphasis added). The language in (i) is referred to as the "elements clause." The language in (ii) which appears in bold is referred to as the "residual clause."

[6] This issue is unsettled and on appeal to the United States Supreme Court in *Beckles*...

or attempted use, or threatened use of physical force against the person of another," not the residual clause language "or otherwise involves conduct that presents a serious potential risk of physical injury to another" in § 924(e)(2)(B)(ii) found unconstitutionally vague in *Johnson*.

Clearly established authority in the Ninth Circuit holds that California Penal Code § 273.5 is a categorical crime of violence under the elements clause of 18 U.S.C. § 16(a) which applies to "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).[7]  In *Banuelos-Ayon v. Holder*, 611 F.3d 1080 (9th Cir. 2010), the Court of Appeals held that "§ 273.5(a) requires that 'corporal injury results from a direct application of force on the victim by the defendant.'" *Id.* at 1085 (citing *People v. Jackson*, 77 Cal. App. 4th 574, 580 (2000)).  *See also United States v. Lauricio-Yeno*, 590 F.3d 818, 822 (9th Cir. 2010) ("§273.5's text does not apply to conduct outside the term 'crime of violence' as defined in the Guidelines.  To the contrary, it fits squarely within the term by requiring the deliberate use of force that injures another.") and *United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011) ("[N]othing in *Johnson* [130 S.Ct. 1265 (2010)] undermines the validity of *Lauricio-Yeno*, a conclusion we already reached in *Banuelos-Ayon*, and we reaffirm today.").  This Court concludes that no portion of the decision of the Supreme Court in *Johnson* calls into question the elements clause of the definition of "crime of violence" applicable to U.S.S.G. §2K2.1(a)(1) or the legality of the sentence imposed in this case.  Any claim outside the *Johnson* claim is waived by the Plea Agreement, time-barred by 28 U.S.C. 2255(f), as well as procedurally defaulted.

---

[7] This language is identical to the language "or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another" in U.S.S.G. § 4B1.2 applied to the Defendant/Petitioner in this case.

1  IT IS HEREBY ORDERED that the motion under 28 U.S.C. § 2255 filed by
2  Defendant/Petitioner (ECF No. 80) is denied.
3  DATED:  December 21, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge